# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: August 23, 2024
Reissued for Public Availability: October 9, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| HOUSTON BYRD, JR., | * | PUBLISHED |
| | * | |
| Petitioner, | * | No. 24-196V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Dismissal; Failure to State a Claim. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | | |

Houston Byrd, Jr., pro se, Newmark, OH, for Petitioner.
Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION GRANTING RESPONDENT'S MOTION TO DISMISS**[1]

## I.   INTRODUCTION

On February 5, 2024, Houston Byrd, Jr. ("Petitioner"), acting pro se, filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2]  Petition (ECF No. 1).  On June 6, 2024, Respondent filed a motion to dismiss Petitioner's petition.  Respondent's Motion to Dismiss ("Resp. Mot."), filed June 7, 2024 (ECF No. 16).  For the reasons described below, the undersigned hereby grants Respondent's motion to dismiss, and further dismisses the petition for failure to prosecute.  The undersigned also denies Petitioner's other motions discussed below.

## II.   BACKGROUND

---

[1] Pursuant to Vaccine Rule 18(b), this Decision was initially filed on August 23, 2023, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the court's website.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act").  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On February 5, 2024, Petitioner filed a petition. Petition. Petitioner's filings appear to allege a claim arising out of a vaccine administered on April 21, 2023, and address issues which appear to be related to his previous 2017 Vaccine Act case,[3] a matter that was ultimately dismissed by the United States Court of Appeals for the Federal Circuit. Byrd v. Sec'y of Health & Hum. Servs., 778 F. App'x 924, 928 (Fed. Cir. 2019).

The present case was reassigned to the undersigned on February 22, 2024, and an initial order, informing Petitioner about an initial conference and requesting the filing fee or an application to proceed in forma pauperis, issued that day. Notice of Reassignment dated Feb. 22, 2024 (ECF No. 6); Order dated Feb. 22, 2024 (ECF No. 7). Thereafter, Petitioner filed several letters and motions directed to this court, court personnel, and the Court of Federal Claims Chief Judge, suggesting Petitioner did not intend to bring a new vaccine injury case but rather raising concerns with his previously dismissed case. See ECF Nos. 8-10; Appendices A-G, K.

On February 27, 2024, Petitioner filed a motion for recusal. ECF No. 9. That same day, he also filed a "Motion for Objection R. 46[4] and Findings and Conclusions, R. 52[5] to the

---

[3] On July 3, 2017, Petitioner, also acting pro se, filed a petition for compensation under the Vaccine Act, alleging that he suffered from headaches, stomach aches, elevated blood sugar levels, and weight loss as a result of influenza ("flu") and Pneumovax vaccinations he received on October 1, 2015. Byrd v. Sec'y of Health & Hum. Servs., No. 17-900V, 2018 WL 6918820 (Fed. Cl. Spec. Mstr. Nov. 29, 2018), reconsideration den'd, 2019 WL 1024996, at *1 (Fed. Cl. Spec. Mstr. Feb. 7, 2019), mot. for rev. den'd, 142 Fed. Cl. 79 (2019), aff'd, 778 F. App'x at 924. On November 29, 2018, the undersigned entered a decision dismissing the petition for failure to prosecute, after determining that Petitioner had failed to establish that his injury had persisted for at least six months, or that Petitioner had satisfied the causation requirements set forth in Althen v. Secretary of Health & Human Services, 418 F.3d 1274, 1278 (Fed. Cir. 2005). Id. at *2.

Petitioner moved for review by the Court of Federal Claims, challenging the undersigned's dismissal and arguing that the undersigned "violated procedural rules and laws." Byrd, 142 Fed. Cl. at 83. The Court of Federal Claims denied Petitioner's motion for review and affirmed the undersigned's dismissal decision on February 7, 2019. Id. at 87. Petitioner appealed, again challenging the undersigned's dismissal, asserting unspecified factual and legal errors in the undersigned's analysis. On July 10, 2019, the Federal Circuit Court of Appeals affirmed the undersigned's dismissal decision. Byrd, 778 F. App'x at 924. Accordingly, that case has been closed since 2019.

[4] Rule 46 of the Rules of the Court of Federal Claims ("RCFC") governs objections to a ruling or order: "When the ruling or order is requested or made, a party need only state the action that it wants the court to take or objects to, along with the grounds for the request or objection." RCFC 46.

[5] Rule 52 of the RCFC refers to findings and conclusions by the court and judgment related to partial findings.

2

Alleged New Case Relevance," in which Petitioner stated, "We are petitioning the court and Respondents to address, [w]hy are not case No. 17-900V before the Federal Claims Court and [that same case] before the United States Court of Appeals for the Federal Circuit in Default . . . ." ECF No. 10 at 2.

In a letter dated March 18, 2024, Petitioner stated "Why is Federal Claims Court [] attempting to restart case No. 17-900V before the Federal Claims Court and [the same case] before the United States Court of Appeals due to the Federal Circuit failure to ethically rule, in compliance with the rules, upon the cases with a new and unnecessary case 1:24-vv-00196-UNJ, received on February 17, 2024?" Appendix C at 1; see also Appendix E at 7 ("We are still alleging abuse, waste and fraud. The prior case is in default." (emphasis omitted)); Appendix F at 1 ("The matter is in [d]efault and there is nothing new nor novel that a conference or hearing will unveil."); Appendix G at 3 ("Petitioner strenuously [o]bjects to the felonious attempts of relitigating a case in [d]efault . . . ."). Petitioner also filed three documents dated February and March 2019. Appendices H-J.

After these filings, including Petitioner's waiver to an initial conference, the undersigned ordered Respondent to file a responsive pleading, motion, or Rule 4(c) report, responsive to Petitioner's pleadings. Appendix G (waiver of all conferences and hearings); Order dated Apr. 8, 2024 (ECF No. 15).

On June 6, 2024, Respondent filed a motion to dismiss. Respondent's Motion to Dismiss ("Resp. Mot."), filed June 7, 2024 (ECF No. 16). Respondent asserted "Petitioner's 2024 case should be dismissed because the petition fails to state a claim or provide any of the required attachments (namely medical records)" pursuant to the Vaccine Act. Id. at 3 (citing Vaccine Rule 2(c)(1)-(2)). To the extent Petitioner asserts any new injury arising from the October 1, 2015 flu vaccine, Respondent argued such a claim would be barred by the statute of limitations. Id. (citing § 16(a)(2)).

In response to Respondent's motion to dismiss, Petitioner filed a motion for sanctions, a motion for "Objection, R. 46 and Findings and Conclusions, R. 52 to the Respondent's June 7, 2024 Motion to Dismiss," and a motion for default. ECF Nos. 17-19. The filings do not address the issues raised in Respondent's motion to dismiss. Petitioner seeks compensation in the amount of $257,000.00 for pain and suffering from his "documented injury" ($250,000.00), and compensation for "unnecessary waste of [] resources" ($7,000.00). ECF No. 19 at 2.

Respondent filed a response to Petitioner's motion for default on July 26, 2024. Resp. Response to ECF No. 19 ("Resp. Response"), filed July 26, 2024 (ECF No. 20). That same day, Petitioner sent an email to court personnel regarding Respondent's response, and that email was filed into the record on July 29, 2024. Appendix K. On August 7, 2024, Petitioner filed a motion for production of documents. ECF No. 23.

### III. LEGAL STANDARDS

    A. **Motion to Dismiss**

3

Although the Vaccine Act and the Vaccine Rules contemplate case dispositive motions, the dismissal procedures included within the Vaccine Rules do not specifically include a mechanism for a motion to dismiss.  See §§ 12(d)(2)(C)-(D); Vaccine Rule 21.  However, Vaccine Rule 1 provides that for any matter not specifically addressed by the Vaccine Rules, the special master may regulate applicable practice consistent with the rules and the purpose of the Vaccine Act.  Vaccine Rule 1(b).  Vaccine Rule 1 also provides that the Rules of the Court of Federal Claims ("RCFC") apply to the extent they are consistent with the Vaccine Rules.  Vaccine Rule 1(c).

Accordingly, there is a well-established practice of special masters entertaining motions to dismiss in the context of RCFC 12(b)(6), which allows dismissal for "failure to state a claim upon which relief can be granted."  See, e.g., Bakeman v. Sec'y of Health & Hum. Servs., No. 18-1861V, 2020 WL 1486836 (Fed. Cl. Spec. Mstr. Feb. 19, 2020); Gordon v. Sec'y of Health & Hum. Servs., No. 16-374V, 2016 WL 2753503 (Fed. Cl. Spec. Mstr. Apr. 4, 2016); Herren v. Sec'y of Health & Hum. Servs., No. 13-1000V, 2014 WL 3889070 (Fed. Cl. Spec. Mstr. July 18, 2014); Bass v. Sec'y of Health & Hum. Servs., 12-135V, 2012 WL 3031505, at *5 (Fed. Cl. Spec. Mstr. June 22, 2012); Guilliams v. Sec'y of Health & Hum. Servs., No. 11-716V, 2012 WL 1145003, at *9-10 (Fed. Cl. Spec. Mstr. Mar. 14, 2012); Warfle v. Sec'y of Health & Hum. Servs., 05-1399V, 2007 WL 760508 (Fed. Cl. Spec. Mstr. Feb. 22, 2007).

Under RCFC 12(b)(6), a case should be dismissed "when the facts asserted by the claimant do not entitle him to a legal remedy."  Extreme Coatings, Inc. v. United States, 109 Fed. Cl. 450, 453 (2013) (quoting Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002)).  In considering a motion to dismiss under RCFC 12(b)(6), allegations must be construed favorably to the pleader.  Id. (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).  However, the pleading must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Golden v. United States, 137 Fed. Cl. 155, 169 (2018) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To properly state a claim upon which relief can be granted, a petitioner must provide "a short and plain statement of the claim, which shows that the petitioner is entitled to relief." Totes–Isotoner Corp. v. United States, 594 F. 3d 1346 (Fed. Cir. 2010) (quoting Bell, 550 U.S. at 555); see also Vaccine Rule 2(c).  A petition does not need to include detailed factual allegations, but "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell, 550 U.S. at 555.

"To determine whether a complaint states a plausible claim for relief, the court must engage in a context-specific analysis and 'draw on its judicial experience and common sense.'"  Golden, 137 Fed. Cl. at 169 (quoting Ashcroft, 556 U.S. at 679).  In assessing motions to dismiss in the Vaccine Program, special masters have concluded that they "need only assess whether the petitioner could meet the Act's requirements and prevail, drawing all inferences from the available evidence in petitioner's favor."  Herren, 2014 WL 3889070, at *2; see also Warfle, 2007 WL 760508, at *2; Swint-Moore v. Sec'y of Health & Hum. Servs., No. 18-1112V, 2022 WL 1124478, at *6 (Fed. Cl. Spec. Mstr. Mar. 29, 2022) ("In ruling on a motion to dismiss, like

4

ruling on a motion for summary judgment, special masters must draw every inference concerning disputed facts in favor of the nonmoving party.").

"[I]n ruling on a motion to dismiss, the special master must accept as true the facts asserted by the petitioner in determining whether the claim for relief under the Vaccine Act is both 'sufficient' and plausible on its face.'" Felix ex rel. E.A.F. v. Sec'y of Health & Hum. Servs., No. 21-1728V, 2024 WL 3807273, at *3-4 (Fed. Cl. Aug. 14, 2024) (citing W.J. v. Sec'y of Health & Hum. Servs., 93 F.4th 1228, 1235 (Fed. Cir. 2024)) (discussing the similar standards for adjudicating a motion to dismiss and a motion for summary judgment[6] in the Vaccine Program); Warfle, 2007 WL 760508, at *2; Guilliams, 2012 WL 1145003, at *9-10.

In the Vaccine Program, motions to dismiss are entertained throughout the course of litigation. See, e.g., Bakeman, 2020 WL 1486836 (granting Respondent's motion to dismiss for failure to state a claim filed one year after the petition was filed); Dean v. Sec'y of Health & Hum. Servs., No. 16-1245V, 2018 WL 3104388 (Fed. Cl. Spec. Mstr. May 29, 2018) (granting Respondent's motion to dismiss filed one year after the petition was filed); Muller ex rel. A.M. v. Sec'y of Health & Hum. Servs., No. 14-801V, 2017 WL 2333637 (Fed. Cl. Spec. Mstr. Apr. 28, 2017) (dismissing a case pursuant to a motion to dismiss after a hearing was conducted and two years after the petition was filed).

**B.    Vaccine Act**

To be eligible for compensation under the Vaccine Act, a petitioner must demonstrate that he "received a vaccine set forth in the Vaccine Injury Table." § 11(c)(1)(A). Further, a petitioner must demonstrate that he sustained an injury caused by a vaccine covered by the Vaccine Act. § 11(c)(1)(C).

Petitioner must prove either (1) that he suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that he suffered an injury that was actually caused by a recognized vaccination. See §§ 11(c)(1), 13(a)(1)(A). A review of the record does not uncover any evidence that Petitioner suffered a "Table Injury," nor does he allege that he suffered a "Table Injury." Therefore, Petitioner must prove a vaccine he received caused his injury. To do so, Petitioner must establish, by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen, 418 F.3d at 1278. Petitioner can show actual causation by filing medical records or an expert medical opinion in support of his claim. Under the Vaccine Act, a petitioner may not receive compensation based

---

[6] Vaccine Rule 8(d) states "the special master may decide a case on the basis of written submissions without conducting an evidentiary hearing. Submissions may include a motion for summary judgment, in which event the procedures set forth in RCFC 56 will apply." Pursuant to RCFC 56, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." RCFC 56(a).

solely on the petitioner's claims alone; rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 13(a)(1).

Moreover, § 11(c) and Vaccine Rule 2(c) set forth the requirements for which a petition for compensation must include.  A petition must set forth

>(A) a short and plain statement of the grounds for an award of compensation, including:
>   (i) the name of the individual to whom the vaccine was administered;
>   (ii) the date and place of the vaccination;
>   (iii) a specific description of the injury alleged; and
>   (iv) whether the injury claimed is contained within the Vaccine Injury Table . . . and
>(B) a specific demand for relief to which the petitioner asserts entitlement or a statement that such demand will be deferred pursuant to [] § []11(e).

Vaccine Rule 2(c)(1)(A)-(B).  Additionally, as required by § 11(c), the petition must be accompanied by "a certified copy of all available medical records supporting the allegation in the petition," and if medical records are not submitted, the petitioner must include an affidavit detailing the efforts made to obtain such records and the reasons for their unavailability."  Vaccine Rule 2(c)(2)(A)-(B).

### C.     Jurisdiction

The United States Court of Federal Claims special masters shall "have jurisdiction over proceedings to determine if a petitioner under [§] 300aa-11 of this title is entitled to compensation under the Program and the amount of such compensation."  § 12(a).  "The United States Court of Federal Claims may issue and enforce such orders as the court deems necessary to assure the prompt payment of any compensation awarded."  Id.  "Special masters may not entertain matters in which they lack jurisdiction, may not waive jurisdictional requirements, nor may they apply discretion in allowing a petitioner to proceed in the Program."  Williams v. Sec'y of Health & Hum. Servs., No. 20-367V, 2022 WL 3369717, at *3 (Fed. Cl. Spec. Mstr. July 20, 2022).  "Only one petition may be filed with respect to each administration of a vaccine."  § 11(b)(2)

## IV.    DISCUSSION AND ANALYSIS

Petitioner, through his petition and additional filings, appears to raise several issues.  The undersigned addresses these issues below.

### A.     Petitioner's Standard Form 95

Petitioner filed "Standard Form 95," as his petition. Standard Form 95 is a form used to initiate an action under the Federal Tort Claims Act ("FTCA").[7] Petition at 3. Petitioner, however, indicated that the appropriate "federal agency" to file his petition was the Court of Federal Claims and the Chief Judge, and the honorable Elaine Kaplan, the Chief Judge of the Court of Federal Claims. Id. at 2.

The Court of Federal Claims, however, is not the proper court in which to file an FTCA action. Instead, a complaint filed pursuant to the FTCA must be filed in the Federal District Court in the relevant jurisdiction. See 28 U.S.C.A. § 1346(b)(1) (stating the United States District Courts have exclusive jurisdiction over FTCA claims); Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986) (quoting 28 U.S.C.A. § 2675(a)) (a claimant "shall have first presented the claim to the appropriate Federal agency" prior to filing action under the FTCA in Federal District Court); 28 U.S.C.A. § 2401(b) (within six months of presenting the claim to the agency or within six months of denial of the claim by the agency, a claimant may file an action in Federal District Court). Thus, any claim asserting an FTCA claim must be dismissed for lack of jurisdiction. See § 12(a) (Special masters in the Court of Federal Claims only "have jurisdiction over proceedings to determine if a petitioner under [§] 11 of this title is entitled to compensation under the Program and the amount of such compensation."); Williams, 2022 WL 3369717, at *3 ("Special masters may not entertain matters in which they lack jurisdiction, may not waive jurisdictional requirements, nor may they apply discretion in allowing a petitioner to proceed in the Program.").

The FTCA allows "civil actions on claims against the United States . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C.A. § 1346(b)(1). "The Vaccine Act does not 'fall within' the FTCA. It is a separate no-fault tort reform program in which 'wrongfulness' or negligence is irrelevant." Krenik v. Sec'y of Health & Hum. Servs., No. 03-2755V, 2014 WL 4387219, at *8 (Fed. Cl. Spec. Mstr. July 25, 2014). The Vaccine Act does not use the same standards as the FTCA. See, e.g., id. ("Claims filed under the Vaccine Act are subject to its statute of limitations as set forth in § 16(a), not the FTCA's statute of limitations (28 U.S.C.A. § 2401(a))."); Flannery v. Sec'y of Health & Hum. Servs., No. 99-963V, 2003 WL 1699396, at *11 (Fed. Cl. Spec. Mstr. Mar. 14, 2003) ("Unlike the [FTCA], . . . the Vaccine Act does not incorporate state standards.").

Therefore, the undersigned finds that to the extent that Petitioner alleges a FTCA claim, the claim must be dismissed in this Court, for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

---

[7] "Under the FTCA, the federal government acts as a self-insurer, and recognizes liability for the negligent or wrongful acts or omissions of its employees acting within the scope of their official duties." Federal Tort Claims Act, United States House of Representatives, https://www.house.gov/doing-business-with-the-house/leases/federal-tort-claims-act (last visited July 26, 2024). "The statute substitutes the United States as the defendant in such a suit and the United States—not the individual employee—bears any resulting liability." Id. The FTCA is codified at 28 U.S.C.A. Chapter 171.

### B. Vaccine Act Claim Based on Date of Vaccination April 21, 2023

In his filing, Petitioner wrote the "National Vaccine Injury Compensation Program (VICP) covers all seasonal influenza vaccines, including trivalent and quadrivalent influenza vaccines." Petition at 2. According to Petitioner he seeks compensation of $257,400.00, pursuant to the Vaccine Program. Id. He further states that, "Due to mitigating factors and errors, a flu vaccine vaccination and Pneumonia were improperly given at the same time and date. I became sick pursuant to the Vaccine Program. I am still suffering side effects from the injury." Id. Petitioner identified April 21, 2023 as the "date and day of accident." Id. However, Petitioner has filed no evidence to show that a vaccine was administered to him on this date.

"Proof of vaccination is a fundamental threshold issue in all Vaccine Program cases." Capri v. Sec'y of Health & Hum. Servs., No. 22-1698V, 2024 WL 940524, at *14 (Fed. Cl. Spec. Mstr. Feb. 9, 2024), appeal dismissed, No. 2024-1513, 2024 WL 3310816 (Fed. Cir. July 5, 2024). To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he received a vaccine set forth in the Vaccine Injury Table and that he experienced an injury caused by that vaccine. See § 11(c). Absent evidence that a covered vaccine was administered, a petitioner does not have a basis to proceed with his claim. See, e.g., Rich v. Sec'y of Health & Hum. Servs., No. 12-742V, 2013 WL 4476751 (Fed. Cl. Spec. Mstr. July 26, 2013); § 11(c)(1) (describing necessary contents for a petition, which include establishing proof of vaccination). Vaccine Rule 2 states, in accordance with § 11(c), that a petition shall be accompanied by "all available medical records supporting the allegations in the petition, including physician and hospital records relating to: the vaccination itself." Vaccine Rule 2(c)(2)(A)(i).

Within his initial filing, Petitioner did not state the place of vaccination, did not provide a specific description of the injury, and did not set forth whether the claimed injury is contained within the Vaccine Injury Table, pursuant to Vaccine Rule 2(c)(A)(ii)-(iv).

Additionally, Petitioner did not include the necessary documents as required under § 11(c) (requiring the petition to contain an affidavit and supporting documentation that the person who suffered an injury received a vaccine listed on the Vaccine Injury Table including "vaccination records associated with the vaccine allegedly causing the injury, pre- and post-injury physician or clinic records" and "all post-injury inpatient and outpatient records" and if any of the records are unavailable, an affidavit stating the reason for the unavailability). No medical records were filed and there was no affidavit filed detailing the reason for the records' unavailability. Therefore, there is no supporting evidence that a vaccine was administered or evidence of a vaccine-related injury.

In the Court's initial order, Petitioner was informed of the requirement to file medical records in support of his claim.[8] Order dated Feb. 22, 2024, at 2. In his first letter, dated February 23, 2024, Petitioner quoted Vaccine Rule 2 stating that when commencing an action, a petitioner must include "all available medical records supporting the allegations in the petition."

---

[8] The initial order also included information about scheduling an initial conference in which medical records would be discussed; however, Petitioner waived all "conference hearings". Appendix G; see Order dated Feb. 22, 2024, at 1.

8

ECF No. 8 at 5.  In Petitioner's motion for objection, dated February 27, 2024, Petitioner alleged he provided over 25 years of medical records; however, no such records were filed.  ECF No. 10 at 9.  In Petitioner's March 17, 2024 email, he wrote "[t]he court has all supporting documents so what is the purpose of any conference at a waste of tax payers and out money?"  Appendix B at 1.

When a petitioner fails to comply with court orders to prosecute his case, the court may dismiss the case.  Sapharas v. Sec'y of Health & Hum. Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Hum. Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993); Vaccine Rule 21(c); see also Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of cases for failure of party to respond to discovery requests); Henderson v. Sec'y of Health & Hum. Servs., No. 21-857V, 2023 WL 2748959, at *3 (Fed. Cl. Spec. Mstr. Apr. 3, 2023) (dismissing the petition for failure to file evidence of vaccination); Jahn v. Sec'y of Health & Hum. Servs., No. 21-1846V, 2022 WL 17959446, at *2-3 (Fed. Cl. Spec. Mstr. Dec. 27, 2022) (same).

Here, Petitioner has failed to comply with orders to produce supportive records.  He has failed to file a single record to show that he received flu and pneumonia vaccinations on April 21, 2023.  He also failed to file records to show that he sustained any alleged vaccine-related injury.  Without evidence of vaccination or injury, the undersigned finds that the record does not support a claim under the Vaccine Act, or otherwise demonstrate that Petitioner sustained any vaccine injury.  Moreover, Petitioner's failure to provide supporting evidence of a vaccine injury and failure to participate in any conferences indicates a disinterest in pursing his claim.

Petitioner has failed to provide support for the basic elements of a Vaccine Act claim.  Therefore, the undersigned finds that the petition must be dismissed for failure to prosecute, insufficient evidence, and failure to state a claim upon which relief can be granted.

### C.     Reopening 2017 Claim

Petitioner's first letter, dated February 20, 2024, stated "We aren't requesting a new case at an expense to us and taxpayers. . . .  We have wasted enough time and money on a clear and compelling [p]etition."  ECF No. 8 at 1.  Petitioner stated the "[i]ssues for [r]eview" are whether the prior case is in default and whether prior judges, the undersigned, and clerks overlooked and violated procedural items and rules.  Id. at 2, 4-5.  Petitioner argues he is entitled to compensation from his prior case and that the court "erroneously denied the claim."  Id. at 2.

Petitioner's prior case, filed on July 3, 2017 (17-900V), was dismissed by the undersigned on November 29, 2018 for failure to prosecute, after determining that Petitioner had failed to establish that his injury had persisted for at least six months, or that Petitioner had satisfied the causation requirements set forth in Althen.  Byrd, 2018 WL 6918820, at *2.

On December 20, 2018, Petitioner filed a motion for review of the undersigned's decision of his prior case (17-900V).  The Court of Federal Claims denied Petitioner's motion for review.  Byrd, 142 Fed. Cl. at 81, 87.  The Court addressed Petitioner's concerns regarding the substantive and procedural reasons for the dismissal and affirmed the undersigned's decision.  Id.

at 84-87. Petitioner then appealed his case to the Federal Circuit Court of Appeals, who also affirmed the undersigned's decision. Byrd, 778 F. App'x at 924. The Federal Circuit found the undersigned applied the correct procedural standards and law and found Petitioner's arguments on appeal were without merit. See id. at 927-28. Thus, these issues have been addressed by both the Court of Federal Claims and the Federal Circuit and Petitioner's case was closed in 2019.

Special masters "have jurisdiction over proceedings to determine if a petitioner under [§] 11 of this title is entitled to compensation under the Program and the amount of such compensation." § 12(a). The undersigned previously determined Petitioner was not entitled to compensation in his prior case and that decision was affirmed by the Court of Federal Claims and the Federal Circuit Court of Appeals. The undersigned does not have authority to review decisions by those higher courts.

In his letter dated March 18, 2024, Petitioner asks "Why is Federal Claims Court [] attempting to restart case No. 17-900V." Appendix C at 1. Petitioner asserts that his prior case (17-900V) is in default, and demands compensation based on the petition filed in 2017. Id. As stated, Petitioner appears to be asking the undersigned to reopen his 2017 case. In his motion to dismiss, Respondent opines "Petitioner's 2024 claim may be construed as an attempt to reopen his 2017 claim or to seek reconsideration of its dismissal." Resp. Mot. at 3.

Under Vaccine Rule 36, a party may seek relief from judgment pursuant to Rule 60 of the RCFC. Rule 60(b) provides an "'exception to finality,' that 'allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" Kennedy v. Sec'y of Health & Hum. Servs., 99 Fed. Cl. 535, 548 (2011) (quoting Gonzales v. Crosby, 545 U.S. 524, 529 (2005)). The court may grant relief from a final judgment on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence . . . ;
> (3) fraud . . . misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;
> (6) any other reason that justifies relief.

RCFC 60(b).

A motion under RCFC 60(b) must be made "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." RCFC 60(c)(1). A motion based on a ground enumerated in clauses (1)-(3) is completely barred if not made within the requisite one-year time period. See Freeman v. Sec'y of Health & Hum. Servs., 35 Fed. Cl. 280, 283 (Fed. Cl. 1996).

Respondent identifies several issues with Petitioner attempting to reopen his 2017 case. Resp. Mot. at 3-8. First, Respondent opines Petitioner has not pursued a proper relief from

judgment pursuant to RCFC 60(b).[9] Id. at 4. "In cases not previously reviewed by a judge of the Court of Federal Claims (not applicable here), Vaccine Rule 36(a)(2) authorizes a special master to consider in the first instance, a motion seeking relief from judgment under RCFC 60." Id. Motions seeking such relief under Rule 60(b) must be filed within a reasonable time or within one year from the date of the judgment at issue. Id. at 5 n.1; RCFC 60(c). "Because the mandate from the Court of Appeals dismissing the case entered on September 3, 2019, and this new cause of action was not filed until February 5, 2024 (more than four years later), [P]etitioner may not rely on RCFC 60(b)(1), (2), or (3)." Resp. Mot. at 5 n.1. Respondent also argues Petitioner has not made a showing that exceptional or extraordinary circumstances exist here for relief from judgment under Rule 60(b) as required. Id. at 5-6 (citing Matos v. Sec'y of Health & Hum. Servs., 30 Fed. Cl. 223, 225 (1993); Louisville Bedding Co. v. Pillowtex Corp., 455 F.3d 1377, 1380 (Fed. Cir. 2006)).

For support, Respondent cites a Vaccine Act case in which relief from judgment was denied when the petitioner's only stated objection to the judgment merely "reiterate[d] arguments already rejected by both courts or variations on them that he could have raised earlier." Webb v. Sec'y of Health & Hum. Servs., No. 15-803V, 2023 WL 4287500, at *2 (Fed. Cl. Spec. Mstr. June 8, 2023), reconsideration den'd, No. 15-803V, 2023 WL 5321089 (Fed. Cl. Spec. Mstr. July 25, 2023), adhered to sub nom. Webb v. United States, No. 15-803V, 2023 WL 7638911 (Fed. Cl. Oct. 17, 2023). As explained, Rule 60 "is not a mechanism for unsuccessful litigants to re-litigate their respective cases," emphasizing that "[t]his is particularly so once a decision has been appealed and affirmed." Id.

Second, Respondent argues that while a petitioner may move for reconsideration under Vaccine Rule 36 (pursuant to RCFC 59),[10] such motion must be made within 28 days of judgment. Id. (citing RCFC 59(b)(1)). A motion for reconsideration under RCFC 59 may be granted

> (A) for any reason for which a new trial has heretofore been granted in an action at law in federal court;
> (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or
> (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

RCFC 59 (a)(1)(A).

---

[9] Petitioner did not specifically seek relief from judgment under this rule.

[10] Petitioner did not specifically seek a motion for reconsideration under this rule.

11

Petitioner's response to Respondent's motion to dismiss did not discuss any of the issues raised by Respondent. Instead, Petitioner filed a motion for sanctions, a motion for objection, and a motion for default.[11]

Petitioner seeks to reopen his prior case more than four years after judgment entered. This effort is time barred under both RCFC 59 and 60. Moreover, Petitioner has not presented evidence entitling him relief to judgment or for reconsideration. Therefore, the undersigned denies Petitioner's request to reopen his 2017 case.

### D. Motion for Default

The Vaccine Rules do not specifically include a mechanism for a motion for default. However, Vaccine Rule 1 provides that for any matter not specifically addressed by the Vaccine Rules, the special master may regulate applicable practice consistent with the rules and the purpose of the Vaccine Act. Vaccine Rule 1(b). Vaccine Rule 1 also provides that the RCFC may apply to the extent they are consistent with the Vaccine Rules. Vaccine Rule 1(c).

RCFC 55 governs default and default judgment. "When a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." RCFC 55(a). A default judgment may be entered by the court "only if the claimant establishes a claim or right to relief by evidence that satisfies the court." RCFC 55(b)(2).

Petitioner raises the issue of default in several contexts. First, Petitioner argues he filed a "Findings and Objection" motion on June 10, 2024, and Respondent was required to respond by June 24, 2024, but failed to timely respond. ECF No. 19 at 1. Regarding this allegation, the undersigned finds Respondent did not fail to plead or otherwise defend. While Petitioner filed a motion for objection on June 10, it was filed in response to Respondent's motion to dismiss filed on June 7. See ECF No. 18 (Petitioner's motion for objection stating it is Petitioner's objection to Respondent's June 7, 2024 motion to dismiss). A reply is not required following a response. Vaccine Rule 20(b)(2) (stating a reply to a response or an objection may be filed as opposed to shall be filed). Moreover, a response is not required to an objection. See id.

Second, Petitioner argues that since Respondent's motion to dismiss was not made within 21 days of the complaint, Petitioner is entitled to default judgment. ECF No. 18 at 3. There is no provision in the Vaccine Act or the Vaccine Rules that require a respondent to file a motion to dismiss within 21 days of the filing of a petition. Further, in the Vaccine Program, motions to dismiss are entertained throughout the course of litigation. See, e.g., Bakeman, 2020 WL 1486836; Dean, 2018 WL 3104388; Muller, 2017 WL 2333637. Moreover, Respondent filed the motion to dismiss pursuant to the undersigned's order to file a motion to dismiss, responsive

---

[11] Respondent indicated he construes these as a response to his motion to dismiss. Resp. Response at 1. Respondent stated "Petitioner has not advanced any new legal arguments or supplied any evidence providing any basis for reviving his previously adjudicated 2017 claim." Id. Therefore, Respondent maintained the matter is ripe for adjudication and should be dismissed. Id.

pleading, or Rule 4(c) report. Accordingly, the undersigned does not find Petitioner's argument persuasive as a basis for granting default judgment.

In response to other statements that appear to seek default judgment, the undersigned finds Petitioner has not established a claim or right to relief by satisfactory evidence. And there is no judgment awarding compensation to the Petitioner which is in default. For these reasons, the undersigned denies Petitioner's motion for default.

### E. Motion for Recusal

Recusal is required "in any proceeding in which [the judge's or special master's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This is an objective test, which mandates recusal "when a reasonable person, knowing all the facts, would question the judge's impartiality." Allphin v. United States, 758 F.3d 1336, 1344 (Fed. Cir. 2014) (quoting Hewlett-Packard Co. v. Bausch & Lomb, Inc., 882 F.2d 1556, 1568 (Fed. Cir. 1989)).

In his motion for recusal, Petitioner wrote that the "perjurious actions of the Special Master have been costly and reprehensible. . . . The matter is undeniable, the Petitioner suffered an injury. Compensations are due without further delay." ECF No. 9 at 9. More specifically, Petitioner wrote,

> Special Master Dorsey has patently shown partiality and the willingness to commit perjury. The prior cases are in Default and the Special Master has misconstrued the Vaccine Rules. We are stating, the special master is a deterrent to the rendering of the expeditious rendering of justice, our Constitutional Rights to the access of an impartial court and clearly does not know the meaning of 1.) all available medical records and 2.) the word OR!

Id. at 2 (emphasis omitted). This statement along with others appear to raise issues from Petitioner's prior case (17-900V). See id. at 2-9.

The issue of recusal from Petitioner's prior case was discussed by the Court of Federal Claims in its February 2019 opinion. The Court found Petitioner failed to provide evidence to support his position. Byrd, 142 Fed. Cl. at 86. And "[d]isagreement with the special masters' interpretation and application of legal standards or case management orders provides no grounds for recusal." Id.

Here, Petitioner did not provide evidence that calls into question the undersigned's impartiality. Therefore, Petitioner's motion for recusal is denied.

13

### F.    Judicial Complaint

In Petitioner's filing dated March 28, 2024, Petitioner addresses the Judicial Conduct and Disability Act.[12]  Appendix E at 1 (citing 28 U.S.C. §§ 351-64).  Petitioner requests to "please accept this judicial complaint against Chief Judge Kaplan for condoning the fraud and perjury" under the Judicial Conduct and Disability Act.  Id.  Petitioner again restates concerns about his prior case.  See id. at 1-7; see also § 12(a) (Special masters in the Court of Federal Claims only "have jurisdiction over proceedings to determine if a petitioner under [§] 11 of this title is entitled to compensation under the Program and the amount of such compensation.").  The undersigned lacks jurisdiction over a complaint brought under the Judicial Conduct and Disability Act.  Accordingly, Petitioner's March 28, 2024 filing related to a judicial complaint must be dismissed.

### G.    Motions for Objection, Sanctions, and Production of Documents

On February 27, 2024, Petitioner filed a "Motion for Objection R. 46 and Findings and Conclusions, R. 52 to the Alleged New Case Relevance," in which Petitioner stated, "We are petitioning the court and Respondents to address, [w]hy are not case No. 17-900V before the Federal Claims Court and [that same case] before the United States Court of Appeals for the Federal Circuit in Default."  ECF No. 10 at 2.[13]  Petitioner appears to assert that his case is in default.  However, Petitioner's case No. 17-900V was not and is not in default.  Thus, any such allegations are without merit.

Petitioner also "strenuously [o]bjects to the felonious attempts of extortion, any filing fees, and this current proceeding in particular under the supervision of Special Master Dorsey."  ECF No. 10 at 2.  Petitioner further alleges there were ex parte communications between the Court and Respondent in this case.  Id.  Petitioner also alleges perjury, fraud, and bribery.  However, Petitioner has offered no proof of felonious activity, extortion, ex parte communications, or evidence of perjury, fraud, or bribery.  See generally id.

Petitioner also appears to take issue with Respondent-Appellee's brief for the Court of Appeals allegedly being tardy in the 2017 case.  ECF No. 10 at 3-4.  The filing of these briefs was over five years ago in 2019.  See id.  Petitioner acknowledges his 2017 case was dismissed in 2019.  Id. at 5.  Nonetheless, Petitioner alleges "ex parte communications due to the fact that we didn't receive Respondent-Appellee's initial [i]nformal [b]rief."  Id. at 4.  Petitioner also

---

[12] The Judicial Conduct and Disability Act "establishes a process by which any person can file a complaint alleging a federal judge has engaged in 'conduct prejudicial to the effective and expeditious administration of the business of the courts' or has become, by reason of a mental or physical disability, 'unable to discharge all the duties' of the judicial office."  Judicial Conduct & Disability, United States Courts, https://www.uscourts.gov/judges-judgeships/judicial-conduct-disability (last visited Aug. 1, 2024).

[13] In this motion, Petitioner noted the vaccine complaint was filed on July 3, 2017, and that compensation is due from that case.  ECF No. 10 at 1, 10.  This further evidences Petitioner's attempt to relitigate his previously dismissed case.

argues that the judgment in his prior 2017 case "failed to address the February 7, 2019 [o]pinions and [o]rder that was under appeal." Id. at 5. Petitioner's 2017 case has been closed since 2019 and, as stated above, the undersigned does not have authority to review issues governed by the higher courts.

On June 10, 2024, Petitioner filed a motion for sanctions. ECF No. 17. Petitioner states he submits the motion for sanctions pursuant to Federal Rule of Civil Procedure 11 against Chief Judge Elaine Kaplan, Heather Pearlman, and the undersigned. Id. at 1. His reasons for the motion are 1) the prior original case has been and is in default, 2) the court is aware of such, 3) there are pending motions before this Court, and 4) the Vaccine Program covers all seasonal flu vaccines. Id. at 1-2. The undersigned finds that these allegations and the motion for sanctions unwarranted. Petitioner's prior case is not in default, the pending motions are adjudicated herein, and therefore there is no basis for awarding sanctions.

Lastly, on August 7, 2024, Petitioner filed a motion for production of documents. ECF No. 23. Petitioner states "[t]his is a follow-up to a request for the Office of Disciplinary for DOJ attorneys or agency that regulates federal attorneys." Id. at 1. Petitioner lists the motions he has filed in this 2024 case and states they are outstanding and response times set by the rules have passed. Id. at 2. He adds, "In the interest of justice what is going on?  Needlessly, I have wasted so much money and time on a legal and valid complaint pursuant to" the Vaccine Act. Id. Petitioner does not specifically ask for any documents to be produced. The undersigned does not have jurisdiction to adjudicate proceedings under any agency that regulates federal attorneys, and therefore, relief cannot be granted under this motion.

## V.     CONCLUSION

For the reasons discussed above, Respondent's motion to dismiss is **GRANTED** and the petition is **DISMISSED**. Further, the petition is **DISMISSED** for failure to prosecute. Additionally, Petitioner's pending motions are **DENIED**. In the absence of a timely filed motion for review filed pursuant to Vaccine Rule 23, the clerk is directed to enter judgment consistent with this Decision.

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master
