# In the United States Court of Federal Claims

HOUSTON BYRD, JR.,

              *Plaintiff*,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

              *Defendant*.

No. 24-196V
(Filed March 14, 2025)

Houston Byrd, Jr., Newark, Ohio, pro se.

Mallori B. Openchowski, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER
### Denying Mr. Byrd's Motion for Review

**SILFEN,** *Judge*.

      Houston Byrd, Jr., proceeding without an attorney, filed a petition under the National Childhood Vaccine Injury Act of 1986 (Vaccine Act) seeking compensation for injuries that he alleges resulted from receiving a flu vaccine and pneumonia vaccine at the same time.[1] ECF No. 1 at 2. The special master determined that Mr. Byrd's petition was an attempt to relitigate his previously dismissed 2017 Vaccine Act claim. ECF No. 26 at 9-12. The special master dismissed Mr. Byrd's case, explaining that, in addition to having already litigated his claim to a final decision (*id*. at 11), Mr. Byrd's claim was barred by the statute of limitations (*id*. at 8-9, 12). The special

---

[1] This opinion was originally issued under seal. The parties had no proposed redactions. The court reissues this opinion publicly.

1

master also explained that Mr. Byrd had not provided the required supporting information showing that he received a covered vaccine or sustained any vaccine-related injury, which also precluded any relief under the vaccine program. *Id.* at 8-9.

Mr. Byrd seeks review of that dismissal, arguing that the special master abused her discretion. The special master correctly determined that Mr. Byrd already fully litigated his Vaccine Act claim in 2017 and did not abuse her discretion in dismissing Mr. Byrd's complaint. This court therefore **denies** Mr. Byrd's motion for review and **affirms** the special master's decision.

**I.     Background**

In October 2015, Mr. Byrd received flu and pneumonia vaccinations.[2] *Byrd v. Secretary of Health and Human Services*, No. 17-900V, 2018 WL 6918820, at *1 (Fed. Cl. Nov. 29, 2018). Mr. Byrd alleges that he then began to suffer from persistent headaches, stomachaches, elevated blood-sugar levels, and weight loss. *Id*. Mr. Byrd filed a Vaccine Act claim in 2017 alleging that the two vaccines caused his injuries. *Id*. The special master dismissed his claim for failure to prosecute because he did not submit the required documents with his petition. *Id.* at 2. Mr. Byrd sought reconsideration, and the special master denied his motion for reconsideration. *Byrd v. Secretary of Health and Human Services*, No. 17-900V, 2019 WL 1024996 (Fed. Cl. Feb. 7, 2019). He also filed a motion for review of the special master's initial decision, and this court affirmed the special master's decision. *Byrd v. Secretary of Health and Human Services*, 142 Fed. Cl. 79 (2019). He then appealed, and in September 2019, the Federal Circuit affirmed. *Byrd v. Secretary of Health and Human Services*, 778 F. App'x 924, 927 (Fed. Cir. 2019).

---

[2] Mr. Byrd's petition, ECF No. 1, does not include any details about the date and place of the vaccinations or a description of any injury. *See* ECF No. 1. Instead, Mr. Byrd's filings in this case reference an earlier case he filed in 2017. ECF No. 8.

In February 2024, Mr. Byrd filed a petition alleging a vaccine injury in April 2023 stemming from the improper administration of a flu vaccine and a pneumonia vaccine. ECF No. 1. In Mr. Byrd's later filings, he explained that he is not alleging a new injury but is seeking compensation for his claim from 2017, believing that the earlier case is in "default," entitling him to compensation. *See* ECF No. 8 at 1 ("We aren't requesting a new case"); ECF No. 9 at 1 ("The vaccine complaint was submitted on June 20, 2017, and filed July 3, 2017"); ECF No. 13-3 at 1 ("Case No. 17-900V is in Default and will always be in default.").

The government moved to dismiss the petition. ECF. No. 16. The special master granted the government's motion and dismissed the petition. ECF No. 26. The special master explained that Mr. Byrd had failed to prosecute his new case and had not provided any reason to reopen his 2017 case. *Id*. Mr. Byrd now seeks review of the special master's decision dismissing his 2024 case.

## II.     Discussion

This court has jurisdiction to review a special master's decision under the Vaccine Act. 42 U.S.C. § 300aa-12(e). On a motion for review, this court may uphold the special master's findings of fact and conclusions of law, set them aside, or remand to the special master for further action. 42 U.S.C. § 300aa-12(e)(2); *accord* Rules of the Court of Federal Claims, Appendix B, Rule 27 ("Vaccine Rule 27").

This court reviews the decision of a special master to determine whether it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 42 U.S.C. § 300aa-12(e)(2)(B); *Masias v. Secretary of Health and Human Services*, 634 F.3d 1283, 1287 (Fed. Cir. 2011); *accord* Vaccine Rule 27. That standard is "well understood to be the most deferential possible." *Munn v. Secretary of Health and Human Services*, 970 F.2d 863, 870 (Fed. Cir. 1992).

This court reviews the special master's findings of fact to determine whether they are arbitrary or capricious. *Hodges v. Secretary of Health and Human Services*, 9 F.3d 958, 961 (Fed. Cir. 1993). "If the special master has considered the relevant evidence of record, drawn plausible inferences and articulated a rational basis for the decision, reversible error will be extremely difficult to demonstrate." *Hines v. Secretary of Health and Human Services*, 940 F.2d 1518, 1528 (Fed. Cir. 1991). The court, like the Federal Circuit, does "not reweigh the factual evidence, assess whether the special master correctly evaluated the evidence, or examine the probative value of the evidence or the credibility of the witnesses—these are all matters within the purview of the fact finder." *Porter v. Secretary of Health and Human Services*, 663 F.3d 1242, 1249 (Fed. Cir. 2011); *see Munn*, 970 F.2d at 871-72 (explaining that the Federal Circuit and this court apply the same standard).

For questions of law, including whether a claim is barred by a statute of limitations or barred by claim preclusion, this court reviews the special master's legal conclusions de novo. *Avera v. Secretary of Health and Human Services*, 515 F.3d 1343, 1347 (Fed. Cir. 2008); *Cloer v. Secretary of Health and Human Services*, 654 F.3d 1322, 1330 (Fed. Cir. 2011) (en banc) (stating that the Federal Circuit and Court of Federal Claims review de novo what event triggers the running of the Vaccine Act's statute of limitations); *Phillips / May Corp. v. United States*, 524 F.3d 1264, 1267 (Fed. Cir. 2008) (explaining that the application of res judicata, including claim preclusion, is reviewed without deference).

    **A.**    **To the extent that this is a case alleging a new vaccine administration, the special master reasonably dismissed for failure to prosecute**

A Vaccine Act petition "must include a certified copy of all available medical records supporting the allegations in the petition, including physician and hospital records relating to: (i) the vaccination itself; [and] (ii) the injury." Vaccine Rule 2(c)(2)(A). Alternatively, "if the required

medical records are not submitted, the petitioner must include an affidavit detailing the efforts made to obtain such records and the reasons for their unavailability." Vaccine Rule 2(c)(2)(B)(i). If a petitioner fails to "prosecute or comply with these rules or any order of the special master or the court," a special master "may dismiss a petition or any claim therein." Vaccine Rule 21(c).

The special master reasonably determined that, to the extent that Mr. Byrd is alleging an injury from a 2023 vaccination, he did not provide any evidence to support his allegations. ECF No. 26 at 8-9. The special master explained that the petition did not meet the basic requirements of the Vaccine Act, as it did not include an affidavit, any vaccination records, or any other supporting evidence of a vaccine-related injury. *Id.* The special master notified Mr. Byrd that the Vaccine Act required him to file medical records to support his claim (ECF No. 7 at 2 [¶3(b)]), but he still did not submit any supporting documents. He also failed to participate in conferences with the court. ECF No. 13. Mr. Byrd's motion for review does not point to any evidence in the record that the special master ignored and does not rebut any of her conclusions. ECF No. 35. Thus, the special master reasonably found that the record did not support a new claim under the Vaccine Act. ECF No. 26 at 8-9. The special master did not abuse her discretion in dismissing Mr. Byrd's case for failure to prosecute, for insufficient evidence, and for failure to state a claim upon which relief can be granted.

**B.    To the extent that Mr. Byrd seeks relief from the judgment on his 2017 petition, that judgment is unreviewable**

To the extent that Mr. Byrd is re-raising his 2017 Vaccine Act claim, claim preclusion bars his attempt to relitigate that claim. A final judgment on a claim extinguishes "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Hornback v. United States*, 405 F.3d 999, 1001 (Fed. Cir. 2005) (marks and citation omitted). The special master dismissed Mr. Byrd's

2017 claim for insufficient proof and for failure to prosecute after he did not file the documentation required by the Vaccine Act. *Byrd*, 2018 WL 6918820 at *2. Mr. Byrd fully litigated his claim, receiving decisions from the special master, this court, and the Federal Circuit, and is precluded from litigating the same claim again. *Hornback*, 405 F.3d at 1001; *see Brewer v. United States*, 150 Fed. Cl. 248, 249 (2020) (holding that, "unless the dismissal order states otherwise, dismissal pursuant to [this court's rule] 41(b) for failure to prosecute operates as an adjudication on the merits" (cleaned up)).

In her 2024 opinion, the special master correctly held that the Rules of the Court of Federal Claims ("RCFC") do not separately give Mr. Byrd an avenue to reopen his earlier case.

Under Vaccine Rule 36, a party may seek relief from judgment using RCFC 59 or 60. Both rule 59 and rule 60 motions "must be supported by a showing of extraordinary circumstances which justify relief." *Caldwell v. United States*, 391 F.3d 1226, 1228 (Fed. Cir. 2004) (quotation marks omitted). "Reconsideration, however, is not intended to allow a party to reassert arguments that the court already has considered," and "a motion for reconsideration is not to be used by a dissatisfied party to relitigate the case." *Nyan v. United States*, 154 Fed. Cl. 463, 464 (2021) (citations and quotation marks omitted).

Under RCFC 59, the court may grant a new trial or motion for reconsideration and may reopen a case for additional proceedings. In this case, RCFC 59 required action within 28 days of the judgment. RCFC 59(b)(1).

Under RCFC 60, the court may correct or relieve a party from a final judgment, order, or proceeding. "The United States Supreme Court, however, has caution[ed] that [the Rule] should only be applied in extraordinary circumstances." *Perry v. United States*, 558 F. App'x 1004, 1006 (Fed. Cir. 2014) (cleaned up). Mr. Byrd makes no motion under RCFC 60, and no facts or

allegations raised in his complaint suggest that his case qualifies for consideration under RCFC 60. A party seeking relief under RCFC 60(b)(1), (2), or (3) must file a motion within one year from the date of judgment. A party seeking relief under RCFC 60(b)(4), (5), or (6) must file a motion within a "reasonable time." RCFC 60(c)(1).

The court entered final judgment in Mr. Byrd's 2017 case in 2019. ECF No. 26 at 2 n.3. Mr. Byrd filed this case more than four years later, in February 2024. ECF No. 26 at 11; ECF No. 1. The court has routinely found shorter delays to be unreasonable when a litigant fails to "explain[] or support[] such a delay" and "merely rehashes clearly meritless arguments that the court of appeals has already rejected." *Hill v. United States*, 146 Fed. Cl. 523, 525 (2018) (holding an eight-month delay to be unreasonable); *see Rogero v. Secretary of Health and Human Services*, 143 Fed. Cl. 21, 26 (2019) (holding a thirteen-month delay to be unreasonable). Mr. Byrd has not given any reason for his four-year delay. Mr. Byrd's motion is neither timely under any provision that names a specific deadline nor filed within a "reasonable time" under the other provisions. Mr. Byrd did not file a formal motion under either RCFC 59 or 60 in this case, and even if the court viewed Mr. Byrd's new suit as a motion for reconsideration, Mr. Byrd fails to show the extraordinary circumstances necessary to justify relief.

### C. Mr. Byrd's motion for review in this court is untimely

Even if this court could address the merits of Mr. Byrd's allegations, he was untimely in filing his motion in this court after the special master's 2024 decision. A motion for review of a special master's decision must be filed within 30 days of the decision. 42 U.S.C. § 300aa-12(e)(1); *see also* Vaccine Rule 23 ("No extensions of time will be permitted under this rule and the failure of a party to file a motion for review in a timely manner will constitute a waiver of the right to obtain review"). When the special master's decision is served by mail, as in this case, three additional days are added to the 30-day period. Vaccine Rule 19(c).

The special master's decision was issued on August 23, 2024.[3] ECF No. 26. Because the decision was served by mail, Mr. Byrd's deadline to file a motion for review was September 25. Mr. Byrd filed a notice of appeal on October 2, which was directed to the Federal Circuit. ECF No. 32. The special master rejected that filing as improperly filed in the wrong court (*id.*), but the filing also skipped the required step of seeking review in this court before appealing to the Federal Circuit. Mr. Byrd then filed a motion for this court's review on October 10. ECF No. 35. Because the limitation period expired on September 25, the documents on October 2 and October 10 were both untimely.

The Federal Circuit has previously held that the 30-day period to file a motion for review of a special master's decision is jurisdictional. *Widdoss v. Secretary of Health and Human Services*, 989 F.2d 1170, 1176-77 (Fed. Cir. 1993). Since *Widdoss*, the Supreme Court has distinguished "between jurisdictional prescriptions and nonjurisdictional claim-processing rules, which seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Fort Bend County, Texas v. Davis*, 587 U.S. 541, 548-49 (2019) (citation omitted). The Federal Circuit has declined to decide whether the motion-for-

---

[3] Mr. Byrd may be arguing that he did not receive the special master's decision, stating that he did not receive "the required Electronic Mailing to the Appeals Court." ECF No. 35 at 1. Mr. Byrd, as a pro se party, does not necessarily receive electronic filings; the court mails orders to him by certified mail. *See* Vaccine Rule 2(b)(2); ECF No. 2. According to the Postal Service, Mr. Byrd received the decision on September 3, 2024. *See* ECF No. 26 (docket entry listing certified mail tracking number, checked at usps.gov). The docket also notes that the court emailed the decision to Mr. Byrd. *Id.*

The court issued another order on October 3 entering judgment in the case. ECF No. 31. Under the court's rules, Mr. Byrd's deadline was calculated from the date of the special master's decision, not the date of the judgment. The later judgment issued by the clerk of the court reflects the court's determination that his time to seek review has passed. *See* Vaccine Rule 11(a) ("If a motion for review under Vaccine Rule 23 is not filed within 30 days after … the filing of the special master's decision … the clerk will enter judgment immediately.").

8

review deadline in Vaccine Act cases is jurisdictional in light of that precedent. *Ling v. Secretary of Health and Human Services*, No. 2023-1072, 2023 WL 8447276, at *3 (Fed. Cir. Dec. 6, 2023). While the 30-day deadline appears to be nonjurisdictional, given that the filing is a motion for review within the same court—the Court of Federal Claims—rather than an appeal to a separate court of appeals, the court need not determine whether the 30-day limitation period is jurisdictional. Mr. Byrd does not present any argument for tolling the deadline, and the court's rules do not allow extensions. Vaccine Rule 23.[4]  And even if Mr. Byrd could present a case for tolling the deadline, as discussed above, the special master's decision was not arbitrary or capricious.

> D. **Mr. Byrd's remaining arguments do not show that the special master's decision was arbitrary or capricious**

Mr. Byrd's motion for review raises other objections to the special master's decision. None of his objections demonstrate that the special master's decision was arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law.

Mr. Byrd alleges systemic fraud, waste, abuse, and perjury by the special master. ECF No. 35 at 2-4. A motion for review is designed to address whether the special master's decision was legally sound. As already discussed, nothing about Mr. Byrd's petition shows any legal error in the special master's decision. And even if Mr. Byrd had raised valid allegations about the special master's conduct in the 2017 case, the court would not have the authority to reopen that case absent a showing that he did not know and could not have known about his allegations earlier. *See*

---

[4] It also appears that Mr. Byrd never paid the filing fee or filed an application to proceed in forma pauperis in this case. ECF No. 5. As the court's order explained to Mr. Byrd, it "may dismiss the petition" on that basis. *Id.*; *see Bryant v. United States*, 618 F. App'x 683, 686 (Fed. Cir. 2015) ("If a party fails to pay the requisite filing fee, despite adequate notice and ample opportunity to do so, the Claims Court acts within its discretion when it dismisses the action."). That would be an independent reason not to proceed with this case, as Mr. Byrd has not paid the fee or requested a waiver of the fee to proceed.

9

*generally Liljeberg v. Health Services Acquisition Corporation*, 486 U.S. 847, 862-63 (1988) (explaining that a complaint about a judge's conduct "does not, on its own, authorize the reopening of closed litigation").

Mr. Byrd also alleges that the special master did not address some of his motions, that the government did not respond to them, and that the special master wrongly found them to be untimely. ECF No. 35 at 2-4. Mr. Byrd cites the motions he filed at ECF Nos. 10, 18, and 28. ECF No. 35 at 3. The special master did not ignore any of Mr. Byrd's filings, addressing each in her anti-filing order or final decision or both. ECF No. 26 at 14-15 (addressing ECF No. 10); ECF No. 30 at 1 (addressing "two similar motions in June and August 2017," which are ECF Nos. 18 and 28). Also, in the anti-filing order, the special master pointed out that her opinion addressed the substance of Mr. Byrd's motions. ECF No. 30 at 1. Contrary to Mr. Byrd's allegations, the court did not reject any motions as untimely. Mr. Byrd appears to take issue with the special master's deciding some motions without waiting for the government's response (ECF No. 35 at 2-4), but a special master may decide a motion without waiting for the government's response. *See Paalan v. United States*, 57 Fed. Cl. 15, 16 (2003).

Mr. Byrd generally complains about the special master's anti-filing order (ECF No. 35 at 5), but that order does not prohibit any filings that are allowed by the court's rules. It only explains that, given that the case was already closed, Mr. Byrd could only file submissions that were "clearly being filed pursuant to the Vaccine Rules and/or Rules of [the] Court of Federal Claims." ECF No. 30 at 2.

Mr. Byrd asserts that the special master failed to schedule a status conference. ECF No. 35 at 4. The special master is not obligated to hold an initial status conference. Instead, the rules provide that a special master *may* hold an initial status conference within 45 days after the filing

of the petition. Vaccine Rule 4(b). Mr. Byrd's objection also ignores the record. The special master attempted to hold an initial status conference, requesting Mr. Byrd's availability at least three times. *See* ECF Nos. 7, 13, 14. When Mr. Byrd finally responded, he stated that he waived the right to any hearings or conferences. ECF Nos. 15, 15-1 ("I agree to waive my right to any Hearings, i.e. conferences, or anything associated with the word's [sic] hearings or conferences.").

Finally, Mr. Byrd argues that the government's paralegal should not have served documents, noting that a paralegal signed a certificate of service. ECF No. 35 at 4 (citing ECF No. 16 at 8). The rules require that all documents must be signed by an attorney of record (RCFC 11(a)), but paralegals and other staff may serve documents that are signed by the attorney of record.

### III.    Conclusion

For the reasons stated above, this court **denies** Mr. Byrd's motion for review and **affirms** the special master's decision. The clerk of the court shall enter judgment accordingly.

**IT IS SO ORDERED.**

                                                    s/ Molly R. Silfen
                                                    MOLLY R. SILFEN
                                                    Judge